IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| CATHLEEN CLIFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-243 |
| | ) | |
| OAK RIDGE CITY SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion for Summary Judgment" filed by defendant, Oak Ridge City Schools [doc. 26]. Plaintiff has offered no response to the motion, and the response time allowed by E.D.TN. LR 7.1(a) has past. "Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D.TN. LR 7.2.[1]

Plaintiff has brought suit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq*. and the Tennessee Human Rights Act ("THRA"),

---

[1] Plaintiff was originally represented by counsel. However, her counsel was permitted to withdraw by an order entered January 4, 2007, [doc. 18]. In that order, plaintiff was given until February 5, 2007, to obtain new counsel or the court would expect her to prosecute the case on her own behalf. To date, no new counsel has made an appearance. Defendant also has pending a "Motion to Dismiss for Failure to Prosecute" [doc. 20] based in part on the fact that plaintiff has taken no steps to prosecute this case, including failing to make any contact with defense counsel. Plaintiff has not responded to that motion, and the time allowed by the court's local rules has elapsed.

Tenn. Code Ann. § 4-21-101, *et. seq.*[2] She alleges that she was sexually harassed by a fellow employee in violation of these statutes.

I.

*Background* [3]

Plaintiff was hired by defendant as a school bus driver in September 2004. She alleges that she was subjected to sexual harassment by a driver trainer named William Harper. Plaintiff asserts that Harper made sexually suggestive remarks to her, invited her to sit in his car, and touched her inappropriately. Plaintiff reported the harassment to her supervisors, but she alleges that when she did her hours were cut and she was ignored.

Plaintiff further contends that she had to continue to work with Harper during the school's investigation of her complaint and that also during the investigation Harper continued to harass and treat her in a demeaning manner. By February 10, 2005, she had heard nothing regarding the investigation and she turned in her resignation. Plaintiff contends that she was forced to resign because the defendant failed to take appropriate action to protect her from the actions of Harper.

---

[2] The claims raised under the THRA are analyzed under the same framework as Title VII. *Newman v. Fed. Express Corp.*, 266 F.3d 401, 406 (6th Cir. 2001); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 464 (6th Cir. 2001) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992); *Raines v. Shoney's , Inc.*, 909 F.Supp. 1070 (E.D. Tenn. 1995); *Bruce v. W. Auto Supply Co.*, 669 S.W.2d 95 (Tenn. Ct. App. 1984)). Thus, the court's analysis and conclusions concerning plaintiff's Title VII claims apply equally to and are dispositive of the claims brought under the THRA.

[3] The facts recited are taken from the complaint.

## II.

*Summary Judgment Standard*

As referenced above, plaintiff has not submitted a response to the motion for summary judgment. However, "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Stough v. Mayville Cmty. Schs.*, 138 F.3d 612 (6th Cir. 1998). At a minimum, the court must examine the motion and determine whether the movant has met the initial burden of demonstrating the absence of a genuine issue of material fact. *Carver*, 946 F.2d at 455. The court has performed this examination.

The moving party may discharge its initial burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325.

III.

*Analysis*

In support of its motions for summary judgment, defendant has provided the declaration of Thomas Bailey, the Superintendent of Oak Ridge City Schools [doc. 29]. In this very detailed declaration, Bailey sets out that plaintiff did not make any complaints of sexual harassment to a supervisor until January 13, 2005, when she verbally complained to two transportation supervisors that Harper was harassing her in several ways. Bailey states that at no time was Harper ever a supervisor at Oak Ridge schools, but simply a bus driver employee.

The declaration reveals that an investigation was commenced that included taking written statements from both plaintiff and Harper. The investigation also included interviews of several transportation employees. Dr. Christine Lee, Director of Human Resources, issued a written report of her findings as a result of the investigation on February 11, 2005. Dr. Lee found that no testimony outside of the parties' substantiated either party's position, and she found that one inappropriate and insensitive statement had been made. She recommended that Harper complete training or counseling, that he be appropriately monitored, and that any further inappropriate actions by Harper would lead to dismissal.

Dr. Lee's findings were issued to plaintiff and Harper in letters dated February 11, 2005. However, the day before, plaintiff submitted her resignation. Bailey states that on February 11, 2005, he responded to plaintiff's resignation and offered to meet with her

personally concerning the continuation of her employment. Plaintiff did not respond to his offer. Bailey also personally met with Harper to discuss the referral program for his use of inappropriate language and to inform him that any further inappropriate conduct would be grounds for dismissal.

Bailey's declaration additionally states that plaintiff reported to Oak Ridge Schools that Harper had not made any further inappropriate contact with her from the date of her verbal complaint, January 13, 2005, until her resignation, February 10, 2005. Bailey states that every effort was made to keep contact between plaintiff and Harper at a minimum during the investigation. Bailey also affirmatively states that Oak Ridge Schools did not retaliate against plaintiff in any way as a result of her complaint. At no time were her hours cut or her pay reduced, nor did she suffer any job detriment.

This declaration remains unopposed as plaintiff has not responded to defendant's motion. Thus, there is no question of fact that Harper was, as stated by Bailey, a coworker and not a supervisor.

In order to prevail in a coworker harassment case, a plaintiff must prove the elements set forth in *Blankenship v. Parke Care Centers, Inc.*, 123 F.3d 868 (6th Cir. 1997).[4]

---

[4] In a recent unpublished opinion, the Sixth Circuit reaffirmed the application of the *Blankenship* standard in cases involving coworker harassment. *Rudd v. Shelby County*, No. 04-5939, 2006 WL 20555, at *1 n.1 (6th Cir. Jan. 5, 2006)*; see also Adams v. Ample Indus.*, No. 1:05-CV-339, 2006 WL 3097185, at *7 n.5 (S.D. Ohio Oct. 30, 2006). The validity of *Balnkenship* was called into question in *Collette v. Stein-Mart, Inc.*, 126 F. App'x 678 (6th Cir. 2005) in light of the Supreme Court decisions in *Burlington Industries v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. Boca Raton*, 524 U.S. 775 (1998). *Collette*, however, was a case involving supervisor harassment.

5

Plaintiff herein must show that:

> (1) she is the member of a protected class; (2) she was subject to unwelcomed sexual harassment; (3) the harassment was based on her sex; (4) the harassment unreasonably interfered with her work performance and created a hostile work environment; and (5) [defendant] knew or should have known of the charged sexual harassment and failed to implement prompt and appropriate corrective action.

*Id*. at 872 (internal quotation marks and citations omitted). Under this standard, "the employer can be liable only if its response manifests indifference or unreasonableness in light of the facts the employer knew or should have known." *Id*. at 873. If the employer makes a good faith response, it cannot be held liable. *Id.* In addition, "the appropriateness of a response depends on the frequency and severity of the alleged harassment." *Id*. at 872.

Plaintiff has met the first three elements and while it is not clear from the record, the court will assume for the purposes of argument that she has satisfied the fourth element. However, viewing the evidence in the record in the light most favorable to plaintiff, as the court must do, plaintiff cannot satisfy the fifth element. Plaintiff has not shown that defendant failed to take prompt and appropriate corrective action once it learned of Harper's harassment. The opposite is true. Bailey's declaration demonstrates that defendant acted quickly to investigate plaintiff's complaint and that the investigation was thorough and appropriate in light of the nature of plaintiff's complaint. Plaintiff has not placed Bailey's declaration at issue by offering any proof to the contrary. At this point, she cannot rely on the complaint. When faced with a summary judgment motion, "the

6

nonmoving party may not rest upon the pleadings but must go beyond the pleadings and 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Johnson v. City of Cincinnati*, 119 F. Supp. 2d 735, 739 (S.D. Ohio 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

After considering the record, the court finds that defendant has met its initial burden of demonstrating that there are no genuine issues of material fact and that plaintiff has failed to demonstrate an essential element of her case, i.e., that defendant failed to implement a prompt and appropriate response to her complaint of harassment. Therefore, plaintiff's claim cannot stand, and summary judgment in favor of defendant is appropriate.

Accordingly, defendant's motion will be granted, and this case will be dismissed. An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan        
United States District Judge